IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHANNON D. BRINK                                                                     PLAINTIFF

V.                                      NO. 13-5063

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Shannon D. Brink, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for SSI on June 24, 2010, alleging an inability to work since that date, due to fibromyalgia, autonomic nervous system disorder, and degenerative arthritis C4-C5. (Tr. 30, 101-105, 111, 134). An administrative hearing was held on November 30, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 26-44).

By written decision dated February 8, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - fibromyalgia and mild degenerative disc disease of the cervical spine. (Tr. 12). However, after reviewing all of the

evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The AlJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform the full range of light work as defined in 20 CFR 416.967(b). She can occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk at least 6 hours out of an 8 hour workday, and sit at least 6 hours out of an 8 hour workday, all with normal breaks.

(Tr. 14). The ALJ determined that based on a RFC for the full range of light work, considering Plaintiff's age, education, and work experience, a finding of "not disabled" was directed by Medical-Vocational Rule 202.17. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional evidence and denied that request on January 30, 2013. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II. Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing

past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.    Discussion:**

Plaintiff presents the following arguments on appeal: 1) The ALJ erred in not finding Plaintiff's syncope, hypothyroidism, dysautonomia,[1] depression, anxiety, and dysphagia[2] to be severe impairments; 2) The ALJ erred in not addressing the opinions of Dr. Rodney T. Routsong and Dr. Carlos Acosta; 3) The ALJ erred in doubting the credibility of Plaintiff's subjective complaints; and 4) The Commissioner's decision should be reversed because it is not supported by substantial evidence. (Doc. 11).

**A.    Severe Impairments:**

Plaintiff argues that she suffered from several severe impairments in addition to those specified by the ALJ. An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § § 1520(a)(4)ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § § 404.1521, 416.921. The Supreme Court has adopted a "de minimis standard" with

---

[1] Dysautonomia - Abnormal functioning of the autonomic nervous system. Stedman's Medical Dictionary 595 (28th ed. 2006).

[2] Dysphagia - Difficulty in swallowing. Id. at 599.

regard to the severity standard. Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cri. 1989).

The ALJ determined that Plaintiff's severe impairments were fibromyalgia and mild degenerative disc disease of the cervical spine. (Tr. 12). In her application, Plaintiff stated she suffered from the disabling conditions of fibromyalgia, autonomic nervous system disorder, and degenerative arthritis C4-C5. (Tr. 134). Now, Plaintiff argues that syncope, hypothyroidism, dysautonomia, depression, anxiety, and dysphagia are severe impairments. It is noteworthy that Plaintiff did not allege depression, anxiety, or dysphagia in her Disability Report - Adult, dated July 10, 2010. (Tr. 134). See Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001)(failure to allege disabling mental impairment in application is significant, even if evidence of depression is later developed).

With respect to Plaintiff's syncope, the ALJ found there was nothing in the record to show a cause of her passing out, noting that she was previously evaluated by neurosurgery, which did not yield any clear etiology. (Tr. 12). The ALJ further discussed Plaintiff's episodes of syncope by discussing the results of several tests performed upon Plaintiff's admission to the hospital on February 25, 2010. (Tr. 16-17, 210-252). Upon discharge, the diagnosis was "Resolved syncope likely secondary to hypothyroidism." (Tr. 211). The ALJ also discussed Plaintiff's March 21, 2011 reports of multiple syncopal episodes. (Tr. 17). It is noteworthy that on September 14, 2010, Plaintiff reported to Dr. Carlos Acosta, of the Community Clinic, that she had not taken her thyroid medication for the previous three months, because she needed refills on her medication. (Tr. 360). In addition, in spite of her allegations of frequent syncopal episodes, Plaintiff was able to carry on her daily activities, including driving, grocery shopping, and taking care of her two children, husband, and elderly parents. These are not activities that

are consistent with daily syncopal episodes, and no physician limited Plaintiff's ability to drive. The mere diagnosis of syncope and hypothyroidism is not sufficient to prove disability, see Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990), and there is no indication that these conditions had even a minimal effect on Plaintiff's activities.

With respect to Plaintiff's depression and anxiety, the ALJ found that these impairments, singly and in combination, did not cause more than minimal limitation in the Plaintiff's ability to perform basic mental work activities, and were therefore non-severe. (Tr. 12). As stated earlier, the ALJ analyzed Plaintiff activities of daily living, noting that she took care of her husband and children's every day needs, helped her disabled mother with errands, cleaning, doctor appointments, bill paying, and shopping, prepared simple to complete meals with help, did laundry with help, read, watched movies with her family, and was able to drive and go outside daily. (Tr. 13). The ALJ found Plaintiff to have mild limitation in social functioning, reporting that Plaintiff visited with friends and talked to family and friends on the computer daily, and did not have any problems getting along with family, friends, neighbors, or others. (Tr. 13). With respect to concentration, persistence or pace, the ALJ found Plaintiff had mild limitation, based upon her Function Report, wherein Plaintiff indicated she could pay attention for "a while" and tried to finish what she started, and could follow written and spoken instructions "fairly well." (Tr. 13, 127). Based upon the above, the ALJ was justified in determining Plaintiff's depression and anxiety were non-severe.

With respect to dysautonomia, the Court notes that on February 25, 2010, when Plaintiff was in the hospital, a neurosurgery consult reported that "dysautonomia" should be "considered" but there was never a diagnosis of such. (Tr. 216). On March 29, 2010, Dr. Routsong, saw

Plaintiff and reported that part of Plaintiff's "spells" "may represent a dysautonomia, although I have no concrete clinical evidence of this." (Tr. 287-288).  On September 14, 2010, Dr. Carlos Acosta incorrectly reported that Plaintiff had been diagnosed with "dysautonomic d/o by Dr. Routsong" when she was in the hospital. (Tr. 360).  Finally, on August 15, 2011, Dr. Acosta again reported that Plaintiff was "thought to have component of dysautonomia but no concrete evidence of this either." (Tr. 333).  Clearly, there was never serious, concrete evidence of dysautonomia, or a diagnosis of dysautonomia by the physicians.

With respect to dysphagia, the only physician to give Plaintiff this diagnosis is Dr. Acosta, and there is no indication that this had any effect on an individual's ability to work.

Based upon the foregoing, and for those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's determination of severe impairments.

**B.   Opinions of Dr. Routsong and Dr. Acosta (RFC Determination):**

Plaintiff argues that the opinions of Dr. Routsong and Dr. Acosta should have been given more weight.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a

medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The ALJ found that Plaintiff was capable of performing a full range of light work. (Tr. 14). In making this assessment, the ALJ considered Plaintiff's medical records, including Dr. Routsong's reports, Dr. Cathy Luo's reports, and Dr. Acosta's reports. (Tr. 16-18). He also considered the RFC Assessment of non-examining consultant, Dr. Bill F. Payne. Neither Dr. Routsong, Dr. Acosta, nor Dr. Luo gave any opinion or limitations regarding Plaintiff's ability to function in the workplace. In fact, during her hospital stay in February of 2010, Plaintiff's extremities showed no clubbing, cyanosis or edema, and upon neurosurgery consultation by Dr. Routsong, no muscle soreness was noted, her neck was supple, palpation of the anterior neck was unremarkable, no cerebellar signs were found, and her facial sensation, facial movement, and bulbar nerve testing were normal. (Tr. 217). On June 10, 2010, when Plaintiff again saw Dr. Routsong, he reported that her gait was normal, coordination testing was normal and no cerebellar signs were found, sensory testing for light touch, pin prick, vibration, and temperature sense revealed no deficit, no unequal paresis was found on motor testing, her neck was supple, palpation of the anterior neck was unremarkable, diffuse upper cervical as well as thoracic somatic dysfunction was noted on testing, multifocal paraspinous tender points were noted in the musculature, Plaintiff's neurological examination remained normal, and she did not require neurosurgical intervention. (Tr. 286).

The ALJ also considered Plaintiff's activities, which, as indicated above, are inconsistent with someone with a disabling condition. Based upon the record as a whole, the ALJ gave considerable weight to Dr. Payne's opinion that Plaintiff was able to perform the full range of light exertional activity. (Tr. 19). He concluded: "The claimant has alleged having pain due to fibromyalgia and headaches, but reported her medication regimen is working. She has alleged repeated episodes of syncope but cardiac work up was negative, CTs of the brain were negative, and when she was hospitalized in February 2010, no episodes were shown on telemetry." (Tr. 19).

Based upon the foregoing, as well as the reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's RFC findings, and weight he gave to Dr. Payne's opinion.

### C.   Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

AO72A
(Rev. 8/82)

In his decision, the ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with his RFC assessment. (Tr. 14). As indicated earlier, Plaintiff's daily activities are inconsistent with allegations of disabling pain, and the ALJ discussed Plaintiff's daily activities.  As late as September 14, 2011, Dr. Cathy Luo, a pain management specialist, reported that Plaintiff's medications were working well. (Tr. 381).  On November 14, 2011, Plaintiff reported to Dr. Luo that her pain medications were working "Ok." (Tr. 399). In a November 17, 2011 report from Roller Weight Loss and Advanced Surgery, it was reported that all of Plaintiff's joints had "grossly normal ROM," and her gait was normal. (Tr. 393).  At the hearing, Plaintiff testified that her pain medications helped control her pain, and took the edge off, but not all the time**.** (Tr. 34).

Based upon the foregoing, as well as for those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's credibility findings.

### D.     Substantial Evidence:

Plaintiff argues that had the ALJ found Plaintiff had other severe impairments, he would have found that Plaintiff had additional limitations, which would require an employer to tolerate unscheduled breaks and therefore, the ALJ's decision was not based on substantial evidence. For the above-stated reasons, the Court finds this argument to be without merit.

### IV.     Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby

affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

      IT IS SO ORDERED this 2nd day of June, 2014.

                                                    /s/ *Erin L. Setser*
                                               HONORABLE ERIN L. SETSER
                                             UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**